## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| JERMAINE F. BROOKS,<br>    Plaintiff, | Case No. 1:14-cv-592 |
| | Dlott, J. |
| vs | Bowman, M.J. |
| ARMARK FOOD CORPORATION, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility, brings this civil rights action against defendants Armark Food Corporation, Ms. King, and Mr. Peters.  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An

action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265,

286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding pro se, brings this action against defendants under 42 U.S.C. § 1983. Plaintiff's complaint alleges that on May 22, 2014, plaintiff was served spoiled milk by defendants. (Doc. 1, Complaint p. 3). Plaintiff states that this was not the only occasion that he has been served such milk while at the Southern Ohio Correctional Facility. According to plaintiff, he previously became severely sick from the milk—resulting in fevering and permanent ulcers in his stomach—and alleges that he did not receive proper medical treatment. He claims he wrote defendant Ms. King, head supervisor of food services, with repeated informal complaint resolutions. He further claims that Mr. Peters, head of food services, "[j]ust does not respond at all." *Id.* Plaintiff states that "now when I use the restroom I stay for hours daily sometimes 3x a week and I cannot receive the proper portion at breakfast because I cannot drink the milk." *Id.*

For relief, plaintiff seeks a permanent injunction, compensatory damages, and punitive damages. *Id.* at 4.

The Eighth Amendment requires prison officials "to provide humane conditions of confinement" and to "ensure that inmates receive adequate food, clothing, shelter, and medical

3

care. . . ." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson,* 832 F.2d 950, 954 (6th Cir. 1987). Rather, "[t]he Eighth Amendment is concerned only with 'deprivations of essential food, medical care, or sanitation,' or 'other conditions intolerable for prison confinement.'" *Richmond v. Settles,* 450 F. App'x 448, 455–56 (6th Cir. 2011) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981)). Therefore, to establish an Eighth Amendment violation, a plaintiff must first demonstrate objectively the unique deprivation of "the minimal civilized measure of life's necessities." *Id.* at 454 (quoting *Rhodes,* 452 U.S. at 347); *see also Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer,* 511 U.S. at 834) ("[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."). He then must subjectively show the defendant acted "wantonly," with "deliberate indifference to the plaintiff's serious needs." *Richmond*, 450 F. App'x at 455 (citing *Farmer,* 511 U.S. at 834).

In this case, plaintiff's allegations do not rise to the level of an Eighth Amendment violation. The discomfort experienced by a prisoner when some meals are denied over a short period of time does not rise to the level of "wanton infliction of pain" so long as the prisoner continues to receive adequate nutrition. *Richmond,* 450 F. App'x at 456. Although plaintiff claims that he is unable to eat the full breakfast portion, this does not amount to cruel and unusual punishment under the Eighth Amendment. *See Cunningham v. Jones,* 667 F.2d 565, 566 (6th Cir. 1982) (serving a prisoner one meal per day for fifteen days did not violate the prisoner's Eighth Amendment rights where that meal was sufficient to maintain normal health for the 15–day time period). *See, e.g., Wilson v. Johnson*, 385 F. App'x 319, 320 (4th Cir. 2010) (finding that the

4

plaintiff stated a cognizable Eighth Amendment claim regarding inadequate nutrition when he asserted that he lost twelve pounds in a month because of inadequate portions). Plaintiff has neither alleged that the meal plan at the Southern Ohio Correctional Institution deprives him of adequate nutrition, nor has he alleged any harm as a result of his inability to consume milk. *See, e.g.*, *Price v. Jones*, Case No. 1:12-cv-360, 2012 WL 1854299, at *4 (S.D. Ohio May 4, 2012) (Report and Recommendation) (Dlott, J.; Litkovitz, M.J.) (recommending dismissal of Eighth Amendment claim based on the plaintiff's failure to allege that his health suffered as a result of alleged inadequacies in the prison meal plan), *adopted* 2012 WL 2269265, at *1 (S.D. Ohio June 18, 2012); *White v. Gregory,* 1 F.3d 267, 269 (4th Cir. 1993) (finding the allegation that the plaintiff was forced to go without food for eighteen hours on the weekends failed to rise to a violation of the Eighth Amendment without any showing of deleterious effects of the meal plan).

Plaintiff has also failed to state a claim with regard to his allegation of inadequate medical care. Plaintiff's complaint lacks sufficient factual content to enable the Court to conclude his complaint states a claim for relief under § 1983. Plaintiff fails to allege any facts showing how his medical care was insufficient. While pro se complaints are held to less stringent standards than complaints prepared by an attorney, *see Haines v. Kerner,* 404 U.S. 510 (1972), the Court is not required to conjure up allegations which are not plead. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 42-43 (6th Cir. 1988). More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements and a complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)

(emphasis in original)).   The Court is unable to discern from plaintiff's conclusory assertion that he "didn't receive proper medical treatment" what defendants did, or failed to do, to violate his rights.   The complaint also fails to explain how Armark and its officers were in any way involved in plaintiff's medical care.   Since plaintiff's complaint is composed entirely of either pure legal conclusions or "legal conclusion[s] couched as [ ] factual allegation[s]," *Twombly,* 550 U.S. at 555, the complaint fails to state a claim upon which relief may be granted.

Finally, plaintiff's claims against defendants regarding the grievance procedure or defendants' failure to investigate his complaints fail to state a claim for relief.   Plaintiff has failed to state a claim because "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil,* 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath,* No. 2:10–cv–968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011).   Furthermore, to the extent that plaintiff is claiming that the grievance procedure failed to produce the correct outcome or that he was deprived of due process in the grievance process, this cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines,* No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug.03, 1998) (citations omitted).

Accordingly, in sum, the undersigned finds that plaintiff's complaint fails to state a claim upon which relief may be granted.   Therefore, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  See *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

<u>s/Stephanie K. Bowman</u><br>
Stephanie K. Bowman<br>
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JERMAINE F. BROOKS,                   Case No. 1:14-cv-592
    Plaintiff,

                                                                Dlott, J.
vs                                          Bowman, M.J.

ARMARK FOOD CORPORATION, et al.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).